# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Soren Stevenson,<br><br>      Plaintiff,<br><br>    v.<br><br>John Doe 1, acting in his individual capacity as a Minneapolis Police Officer, *et al.*,<br><br>      Defendants. | Case No. 20-CV-2007 (SRN/TNL)<br><br>**STIPULATION FOR A<br>LIMITED PROTECTIVE ORDER** |

WHEREAS, Plaintiff and Defendants City of Minneapolis and Chief of Police Medaria Arradondo (the "Parties") have agreed to early mediation in an attempt to resolve the above-entitled action (the "Action"); and

WHEREAS, the Parties agree that the early exchange of certain data, documents or information that may be confidential, non-public, or private under Minnesota law, including the Minnesota Government Data Practices Act, is necessary to facilitate early settlement discussions,

NOW, THEREFORE, it is hereby stipulated and agreed by the Parties, through their undersigned counsel, that the Court may enter a limited protective order permitting the data, documents and information listed in paragraphs 1 and 2 below to be disclosed or made available in advance of the Parties' mediation or during the mediation:

1. Defendants' records:

    a. Minneapolis Police Department personnel files;

91301836.1

    b.    Minneapolis Police Department Internal Affairs records;

    c.    Minneapolis Civilian Review Authority and Office of Police Conduct Review records;

    d.    Police reports and statements regarding, in any way, the event that is the subject of this Action – including, but not limited to incident detail reports, supplemental reports, CAPRS reports, GO Reports, CAD reports, and narratives; and

    e.    Body worn camera video footage.

Notwithstanding the foregoing, the following information will not be provided as part of this early exchange of information: home addresses, home telephone numbers, personal physical identification data, drivers' license numbers, personal financial data, medical and psychological data, dates of birth, Social Security numbers, and any information relating to City employees' family members or familial relationships.

2.    Plaintiff's records:

    a.    Video evidence obtained by Plaintiff;

    b.    Medical records and bills for the Plaintiff;

    c.    Plaintiff's employment records and/or wage records;

    d.    Plaintiff's criminal history or investigation records;

    e.    Plaintiff's school records; and

    f.    Plaintiff's income tax records.

91301836.1

3. All of the documents and information identified in paragraphs 1 and 2 above shall be considered confidential and shall be used only for purposes of the Parties' impending mediation, and shall not be disclosed to anyone other than the Parties, counsel for the Parties, mediator, and City employees or elected officials that are necessary to effect or facilitate any such settlement or approval of a settlement, with the express understanding that such City employees or elected officials shall also maintain such documents and information as confidential.

4. In the event the Parties do not reach a mediated settlement, the data, documents and information identified in paragraphs 1 and 2 above shall be destroyed or returned to the producing party by March 3, 2021. In the event the Parties do reach a tentative mediated settlement agreement, the data, documents and information identified in paragraphs 1 and 2 above shall be destroyed or returned to the producing party within five business days of the approval of the tentative mediated settlement agreement by the Minneapolis City Council and Mayor of Minneapolis. In either event, no copies of the data, documents and information identified in paragraphs 1 and 2 above shall be retained by the non-producing party.

5. Nothing in this Stipulation affects any Party's right or ability to seek the data, documents or information in paragraphs 1 and 2 above via discovery in this Action in the event the Parties do not reach a settlement at the mediation.

6. No action taken in accordance with this Stipulation and resulting limited protective order shall be construed as a waiver of any claim or defense in the Action or of any position as to the discoverability or admissibility of evidence.

91301836.1

Dated: February 24, 2021  ROBINS KAPLAN LLP

<u>s/Marc E. Betinsky</u>
Robert Bennett, #6713
Andrew J. Noel, #322118
Kathryn H. Bennett, #0392087
Marc E. Betinsky, #0388414
800 LaSalle Ave, Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
rbennett@robinskaplan.com
anoel@robinskaplan.com
kbennett@robinskaplan.com
mbetinsky@robinskaplan.com
*Attorneys for Plaintiff Soren Stevenson*

Dated: February 24, 2021  JAMES R. ROWADER, JR.
City Attorney
By: <u>s/Kristin S. Sarff</u>
Kristin R. Sarff, #0388003
Sharda Enslin, #0389370
Heather P. Roberston, #0390470
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-3919
kristin.sarff@minneapolismn.gov
sharda.enslin@minneapolismn.gov
heather.robertson@minneapolismn.gov
*Attorneys for Defendants City of Minneapolis and Chief of Police Medaria Arradondo*

91301836.1