UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Soren Stevenson,                                  Case No. 20-CV-2007 (SRN/TNL)

           Plaintiffs,

    v.

Benjamin M. Bauer, acting in his                  **DEFENDANTS CITY OF**
individual capacity as a Minneapolis              **MINNEAPOLIS AND MEDARIA**
Police Officer; Matthew Severance and             **ARRADONDO'S ANSWER**
Ryan McCann, acting in their individual           **TO PLAINTIFF'S**
capacities as supervisory Minneapolis             **AMENDED COMPLAINT**
Police Officers; Medaria Arradondo,
acting in his official capacity as the
Minneapolis Chief of Police; and the City
of Minneapolis,

           City Defendants.

_____

For their Answer to Plaintiff's Amended Complaint ("Complaint"), the City of
Minneapolis and Medaria Arradondo, in his official capacity, (collectively "City
Defendants"), state and allege as follows:

Unless specifically admitted, qualified, or otherwise pleaded herein, City
Defendants deny each and every allegation, heading, footnote, matter and thing in
Plaintiff's Complaint.

1.      City Defendants admit that Plaintiff claims to seek money damages as
alleged in Paragraph 1 of the Complaint.  City Defendants admit Benjamin Bauer is a
Minneapolis Police Department (MPD) officer.  City Defendants admit that Matthew

Severance is a Sergeant and Ryan McCann is a Lieutenant with the MPD. City Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2.      City Defendants admit that Plaintiff claims in paragraph 2 of the Complaint to assert claims relating to training and supervision against Matthew Severance and Ryan McCann, and a claim relating to policymaking against Medaria Arradondo. City Defendants deny that Plaintiff's claims have merit and deny that he is entitled to recover from Matthew Severance, Ryan McCann, or Medaria Arradondo.

3.      City Defendants admit that Plaintiff claims to assert a *Monell* claim in this action as alleged in paragraph 3 of the Complaint, but affirmatively deny that Plaintiff is entitled to recover from the City of Minneapolis.

4.      City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint and they, therefore, deny the allegations.

5.      City Defendants admit that Plaintiff claims to be suing Benjamin Bauer in his individual capacity as alleged in paragraph 5 of the Complaint. City Defendants admit the remaining allegations in paragraph 5 of the Complaint.

6.      City Defendants admit that Plaintiff claims to be suing Matthew Severance and Ryan McCann in their individual capacities as alleged in paragraph 6 of the Complaint. City Defendants admit that Matthew Severance and Ryan McCann were supervisors in the MPD on May 31, 2020, but affirmatively allege that neither Matthew Severance nor Ryan McCann were responsible for authorizing Benjamin Bauer's use of 40mm launchers or 40mm projectiles on May 31, 2020.

7.      City Defendants admit that Plaintiff claims to be suing Medaria Arradondo in his official capacity as alleged in paragraph 7 of the Complaint.  City Defendants admit that Medaria Arradondo was the Chief of Police of the MPD and a policymaker for the MPD on May 31, 2020.  City Defendants deny any remaining allegations in paragraph 7 of the Complaint.

8.      City Defendants admit the allegations in paragraph 8 of the Complaint.

9.      City Defendants admit that Plaintiff claims to assert claims based on federal law as alleged in paragraph 9 of the Complaint, but affirmatively deny that Plaintiff is entitled to recover from City Defendants in this action. City Defendants admit that this Court has jurisdiction over this action.  The remaining allegations in paragraph 9 of the Complaint are legal conclusions to which no response is required, but to the extent a response is deemed to be required, the remaining allegations are denied.

10.     City Defendants admit the allegations in paragraph 10 of the Complaint.

11.     City Defendants admit that Derek Chauvin is a former MPD officer as alleged in paragraph 11 of the Complaint, and that the murder of George Floyd occurred on May 25, 2020. The use of the phrase "refused to intervene" calls for a legal conclusion to which no response is required, but to the extent a response is deemed to be required, the allegations are denied.

12.     City Defendants deny the allegations in the second sentence of paragraph 12 of the Complaint, except the allegation that Mr. Floyd's death was tragic. City Defendants admit that protests ensued in Minneapolis following the widespread circulation of a video of the murder of George Floyd. City Defendants lack knowledge and information sufficient

to form a belief about the truth of the remaining allegations in paragraph 12 of the Complaint and they, therefore, deny the remaining allegations.

13.     City Defendants admit the allegations in the first sentence of paragraph 13 of the Complaint.  City Defendants deny the remaining allegations in paragraph 13 of the Complaint.

14.     City Defendants deny the allegations in paragraph 14 of the Complaint.

15.     City Defendants deny the allegations in paragraph 15 of the Complaint.

16.     City Defendants admit that Council Member Johnson was accurately quoted in paragraph 16 of the Complaint. City Defendants deny that the statement was made on May 26, 2020, and deny the remaining allegations in paragraph 16 of the Complaint.

17.     City Defendants admit that Council Member Fletcher was accurately quoted in paragraph 17 of the Complaint. City Defendants admit that the quoted language was communicated on May 28, 2020. City Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18.     City Defendants admit that Council Member Ellison stated the words quoted in paragraph 18 of the Complaint. City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint with respect to the timing of when Council Member Ellison made the quoted statement and they, therefore, deny those allegations relating to the timing of the statement. City Defendants deny any remaining allegations in paragraph 18 of the Complaint.

19.     City Defendants admit that Mayor Frey stated the words quoted in paragraph 19 of the Complaint on May 27, 2020. City Defendants admit that Mayor Frey stated that

he understood some people were angry and he encouraged protests to be peaceful. City Defendants deny any remaining allegations in paragraph 19 of the Complaint.

20.    City Defendants admit that representatives of the City of Minneapolis participated in a press conference on May 28, 2020. City Defendants admit that the City issued a statement that included the language quoted in paragraph 20 of the Complaint.

21.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint with respect to what Governor Walz "recognized" and they, therefore, deny those allegations. City Defendants admit that that paragraph 21 selectively quotes from Emergency Executive Order 20-67, issued on May 30, 2020.

22.    City Defendants admit the allegations in paragraph 22 of the Complaint.

23.    City Defendants admit the allegations in paragraph 23 of the Complaint.

24.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the vague allegations in paragraph 24 of the Complaint and they, therefore, deny the allegations.

25.    City Defendants admit the allegations in paragraph 25 of the Complaint.

26.    City Defendants admit the allegations in paragraph 26 of the Complaint.

27.    City Defendants admit the allegations in paragraph 27 of the Complaint, except as to the allegation relating to an unreasonable search.

28.    City Defendants admit the allegations in paragraph 28 of the Complaint.

29.    City Defendants admit the allegations in paragraph 29 of the Complaint.

30.     Upon information and belief, City Defendants deny the allegation that Derek Chauvin "continued to perform such acts until he was arrested" as alleged in paragraph 30 of the Complaint.   City Defendants admit the remaining allegations in paragraph 30 of the Complaint.

31.     City Defendants deny that the Mayor, Chief of Police, or City Council Members advised or encouraged protestors to gather near Interstate 35W and University Avenue on May 31, 2020. Upon information and belief, City Defendants deny that the Governor advised or encouraged protestors to gather near Interstate 35W and University Avenue on May 31, 2020. Upon information and belief, admit that Plaintiff protested on the onramp to Interstate 35W near University Avenue and/or an area near Interstate 35W near University Avenue before 8:00 p.m. on May 31, 2020. City Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of the Complaint and they, therefore, deny those allegations.

32.     City Defendants deny the allegation in paragraph 32 of the Complaint.

33.     City Defendants deny the allegation in paragraph 33 of the Complaint.

34.     City Defendants deny the allegation in paragraph 34 of the Complaint.

35.     City Defendants deny the allegations in paragraph 35 of the Complaint.

36.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and they, therefore, deny the allegations.

37.     City Defendants deny that the entire group was peaceful as alleged in paragraph 37 of the Complaint. City Defendants admit than the photograph shown in

paragraph 37 of the Complaint depicts certain individuals with their hands up.  City Defendants lack knowledge and information sufficient to identify Plaintiff and to form a belief about the remaining allegations in paragraph 37 of the Complaint and they, therefore, deny the allegations.

38.     City Defendants admit that Benjamin Bauer was assigned as a member of SWAT 1280 on May 31, 2020.  City Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39.     City Defendants admit the allegations in paragraph 39 of the Complaint.

40.     City Defendants admit the allegations in paragraph 40 of the Complaint.

41.     City Defendants deny the allegation in paragraph 41 of the Complaint. City Defendants affirmatively allege that on May 31, 2020, no prior approval or authorization was required for a SWAT officer to use a 40mm less lethal impact round, including blunt impact projectiles (BIP), that did not carry a payload of "gas" such as CS, OC or smoke, during an assault in progress, serious property damage, or to protect officers from assault..

42.     City Defendants admit the allegation in paragraph 42 of the Complaint.

43.     City Defendants deny the allegation in paragraph 43 of the Complaint.

44.      City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegation in paragraph 44 of the Complaint that Benjamin Bauer allegedly shot Plaintiff and they, therefore, deny the allegation.   City Defendants admit that Matthew Severance was in charge of certain elements of the operations and decisions at and around 35W and University Avenue on May 31, 2020.

45.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegation in paragraph 45 of the Complaint that Benjamin Bauer allegedly shot Plaintiff and they, therefore, deny the allegation.  City Defendants deny the remaining allegations in paragraph 45 of the Complaint.  City Defendants affirmatively allege that Matthew Severance and Ryan McCann discussed how to clear the University Avenue bridge over 35W of the individuals throwing items at MPD officers  and that could have injured MPD officers, State Troopers, and other law enforcement that needed to pass below the bridge.

46.     City Defendants deny the allegations in paragraph 46 of the Complaint.

47.     City Defendants deny the allegations in paragraph 47 of the Complaint.

48.     City Defendants admit the allegations in paragraph 48 of the Complaint.

49.     City Defendant admits that Matthew Severance stated, "Munitions first? Scatter them a little bit."  City Defendants deny the remaining allegations in paragraph 49 of the Complaint. City Defendants affirmatively allege that the discussion between Matthew Severance and Ryan McCann was related to the use of gas munitions, not 40mm projectiles such as BIPS that do not carry a payload of "gas" such as OC, CS, or smoke, as depicted in the body worn camera footage recorded by Ryan McCann.  City Defendants also affirmatively allege that Plaintiff has failed to accurately convey the entirety and substance of the discussion as shown on the body worn camera footage recorded by Ryan McCann.

50.     City Defendants admit that Matthew Severance made a statement substantially similar to the statement alleged in paragraph 50 of the Complaint, and

affirmatively allege that Plaintiff has failed to accurately convey the entirety and substance of the discussion. City Defendants admit that Matthew Severance pointed in the direction of the University Avenue Bridge. City Defendants deny the remaining allegations in paragraph 50 of the Complaint.

51.     City Defendants admit that Ryan McCann stated, "We can do that" with respect to the use of gas munitions, as alleged in paragraph 51 of the Complaint.

52.     City Defendants admits that Matthew Severance stated, "I just want a fucking huge brick *not* to kill a cop. And, I'm going to have all these motherfuckers [pointing at the caravan of vehicles carrying MPD officers, State Patrol Troopers, and other law enforcement agencies] doing 60 that way" under the University Avenue Bridge. City Defendants deny any remaining allegations in paragraph 52 of the Complaint. City Defendants affirmatively allege that neither Matthew Severance nor Ryan McCann communicated with Benjamin Bauer regarding the proposed use of gas munitions and did not order, authorize, or provide prior approval to Benjamin Bauer to use any 40mm projectiles near the University Avenue Bridge, as depicted in the body worn camera footage recorded by Benjamin Bauer.

53.     City Defendants admit the allegation in paragraph 53 of the Complaint, but affirmatively allege that Plaintiff has not quoted the entirety of Matthew Severance's statement.

54.     City Defendants deny the allegations in paragraph 54 of the Complaint.

55.     City Defendants deny the allegations in Paragraph 55 of the Complaint.

56. The allegations in paragraph 56 of the Complaint call for a legal conclusion to which no response is required, but to the extent a response is deemed required, the allegation is denied.

57. City Defendants deny the allegations in paragraph 57 of the Complaint.

58. City Defendants deny the allegations in paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint calls for a legal conclusion to which no response is required, but to the extent a response is deemed required, the allegation is denied.

60. City Defendants deny the allegations in Paragraph 60 of the Complaint.

61. City Defendants deny the allegations in Paragraph 61 of the Complaint.

62. City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Complaint in so far as they relate to whether Benjamin Bauer shot Plaintiff and the timing of when Plaintiff was allegedly shot and, therefore, City Defendants deny the allegations in paragraph 62 of the Complaint.

63. City Defendants admit that at certain times on May 31, 2020, Benjamin Bauer was located in the grass between the onramp and Interstate Highway 35W. City Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 63 of the Complaint and they, therefore, deny the allegations.

64. City Defendants admit the allegations in paragraph 64 of the Complaint.

65. City Defendants admit the allegation in paragraph 65 of the Complaint.

66.     City Defendants admit the allegations in paragraph 66 of the Complaint.  City Defendants affirmatively allege that the BIP rounds did not carry a payload of "gas" such as OC, CS or smoke.

67.     City Defendants admit that paragraph 67 of the Complaint partially but incompletely quotes the BIP Spec sheet cited in footnote 1 of the Complaint.

68.     City Defendants admit that paragraph 68 of the Complaint partially quotes the BIP Spec sheet cited in footnote 1 of the Complaint, but deny that the quoted language is presented as a warning.

69.     City Defendants admit that paragraph 69 of the Complaint  partially quotes the BIP Spec sheet cited in footnote 3 of the Complaint.

70.     City Defendants admit that paragraph 70 of the Complaint partially and incompletely quotes the BIP Spec Sheet referenced in footnote 3 of the Complaint.

71.     City Defendants admit that BIP rounds have a minimum safe range of 5 feet. City Defendants deny the remaining allegation in paragraph 71 of the Complaint, but admit that the BIP Spec sheet referenced in footnote 1 identified a maximum effective range of 131 feet.

72.     City Defendants deny the allegations in paragraph 72 of the Complaint.

73.     City Defendants admit that BIP rounds may be used to incapacitate aggressive, non-compliant subjects.  City Defendants deny that BIP rounds are intended only for the incapacitation of aggressive, non-compliant subjects as suggested in paragraph 73 of the Complaint.

74.    City Defendants deny the allegation in the first sentence of paragraph 74 of the Complaint.  City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 74 of the Complaint regarding whether the red arrow denotes Plaintiff and they, therefore, deny the allegations.

75.    The term "close proximity" as used in paragraph 75 of the Complaint is too vague to allow for responsive pleading and City Defendants, therefore, deny the allegation. City Defendants deny that Benjamin Bauer shot at anyone's head.  City Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 75 of the Complaint and they, therefore, deny the allegations.

76.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 76 of the Complaint in so far as they relate to the location of Plaintiff and they, therefore, deny the allegations.

77.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 77 of the Complaint in so far as they relate to the location of Plaintiff and they, therefore, deny the allegations.

78.    City Defendants deny the allegation in paragraph 78 of the Complaint.

79.    City Defendants deny the allegation in paragraph 79 of the Complaint.

80.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 80 of the Complaint and they, therefore, deny the allegations.

81.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 81 of the Complaint and they, therefore, deny the allegations.

82.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 82 of the Complaint and they, therefore, deny the allegations.

83.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 83 of the Complaint and they, therefore, deny the allegations.

84.     City Defendants deny the allegation that Plaintiff had not committed any crime as alleged in paragraph 84 of the Complaint.  Upon information and belief, admit the remaining allegations in paragraph 84 of the Complaint.

85.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 85 of the Complaint and they, therefore, deny the allegations.

86.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 86 of the Complaint and they, therefore, deny the allegations.

87.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 87 of the Complaint and they, therefore, deny the allegations.

88.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 88 of the Complaint and they, therefore, deny the allegations.

89.     City Defendants deny the allegations in paragraph 89 of the Complaint.

90.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 90 of the Complaint with regard to the timing of Plaintiff allegedly being shot and they, therefore, deny the allegations.  City Defendants deny that the scene was not chaotic on May 31, 2020.

91.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 91 of the Complaint and they, therefore, deny the allegations.

92.     Upon information and belief, City Defendants admit the allegations in paragraph 92 of the Complaint.

93.     City Defendants deny the allegations in paragraph 93 of the Complaint.

94.     City Defendants deny the allegations in paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint calls for a legal conclusion to which no response is required, but to the extent a response is deemed required, the allegation is denied.

96.     City Defendants deny the allegations in paragraph 96 of the Complaint.

97.     City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 97 of the Complaint in so far as they relate

to whether Benjamin Bauer allegedly shot Plaintiff and they, therefore, deny the allegations.

98.     City Defendants admit that Benjamin Bauer used a 40mm launcher on May 31, 2020. City Defendants admit that to launch a 40mm projectile, the hammer to the launcher must be pulled back. City Defendants deny any remaining allegations in paragraph 98 of the Complaint.

99.     City Defendants admit the allegations in paragraph 99 of the Complaint in so far as they generally relate to Benjamin Bauer's firing of the 40mm launcher.

100.    City Defendants admit the allegation in paragraph 100 of the Complaint.

101.    City Defendants deny the allegation in paragraph 101 of the Complaint.

102.    City Defendants deny the allegation in paragraph 102 of the Complaint.

103.    City Defendants admit the allegations in paragraph 103 of the Complaint in so far as it generally relates to the firing of a 40mm launcher.

104.    City Defendants deny the allegations in paragraph 104 of the Complaint.

105.    City Defendants admit the allegations in paragraph 105 of the Complaint in so far as they generally relate to the firing of a 40mm launcher.

106.    City Defendants admit the allegations in paragraph 106 of the Complaint in so far as they generally relate to the firing of a 40mm launcher. City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 106 of the Complaint in so far as they relate to whether Benjamin Bauer allegedly shot Plaintiff and they, therefore, deny the allegations.

107.    City Defendants deny the allegations in paragraph 107 of the Complaint.

108.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 108 of the Complaint and they, therefore, deny the allegations.

109.    The phrase "immediate aftermath" is too vague to allow for responsive pleading. City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 109 of the Complaint and they, therefore, deny the allegations.

110.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 110 of the Complaint and they, therefore, deny the allegations.

111.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 111 of the Complaint and they, therefore, deny the allegations.

112.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 112 of the Complaint in so far as they relate to whether Benjamin Bauer allegedly shot Plaintiff, and they, therefore, deny the allegations.  City Defendants admit that the MPD had policies in place on May 31, 2020, that address the use of 40mm projectiles.

113.    City Defendants admit that paragraph 113 of the Complaint selectively quotes parts of Section 5-317 of the MPD policy in place in May 2020, but deny that the specific citations are accurate.

114.    City Defendants admit that paragraph 114 quotes Section 5-317(II) of the MPD policy in place in May 2020.

115.    City Defendants admit that paragraph 115 quotes Section 5-317(III)(B)(1) of the MPD policy in place in May 2020.

116.    City Defendants admit that Section 5-317(B)(1) of the MPD policy in place in May 2020, stated, "The primary target areas for the 40mm less-lethal round should be the large muscle groups in the lower extremities including the buttocks, thigh, knees. Alternative target areas include the ribcage area to the waist, and the larger muscle areas of the shoulder areas. Areas to avoid when using the 40mm less-lethal round are the head, neck, spinal cord, groin and kidneys." City Defendants deny any remaining allegations in paragraph 116 of the Complaint

117.    City Defendants admit that Section 5-317(IV)(B)(1) of the MPD policy in place in May 2020, stated, "Areas to avoid when using the 40mm less-lethal round are the head, neck, spinal cord, groin and kidneys." City Defendants deny any remaining allegations in paragraph 117 of the Complaint.

118.    City Defendants admit that Section 5-317(IV)(B)(2) of the MPD policy in place in May 2020, stated, in part, "Officers shall be aware that the delivery of the 40mm impact projectiles to certain parts of the human body can cause grievous injury that can lead to a permanent physical or mental incapacity or possible death." City Defendants deny any remaining allegations in paragraph 118 of the Complaint.

119.    City Defendants admit that Section 5-317(IV)(B)(2) of the MPD policy in place in May 2020, stated, in part, "Areas susceptible to death or possible severe injury are

the head, neck, throat and chest (in vicinity of the heart). Unless deadly force is justified, officers should avoid the delivery of 40mm impact projectiles to any of the above-described areas. " City Defendants deny any remaining allegations in paragraph 119 of the Complaint.

120.     City Defendants admit that Section 5-317(IV)(F)(1)-(2) of the MPD policy in place in May 2020, which applied to officers that were not working in a SWAT capacity, stated, "1. Medical assistance shall be rendered as necessary in accordance with P&P 5-306 and the Emergency Medical Response policy (P&P 7-350). 2. If possible, photographs should be taken of any injuries to the suspect." City Defendants deny any remaining allegations in paragraph 120 of the Complaint.

121.     City Defendants admit that Section 5-317(IV)(G)(1)-(2) of the MPD policy in place in May 2020, which applied to officers that were not working in a SWAT capacity, stated, "1. Officers that deploy a 40mm less-lethal round shall report the force in accordance with P&P 5-306, and shall complete a report entitled "FORCE." 2. Officers who deploy a less-lethal round shall immediately notify dispatch, who will notify a supervisor." City Defendants deny any remaining allegations in paragraph 121 of the Complaint.

122.     City Defendants admit that Section 5-317(IV)(G)(3)-(4) of the MPD policy in place in May 2020, which applied to officers that were not working in a SWAT capacity, stated, "3. A supervisor shall respond to the scene any time a 40mm less-lethal round is used. The responding supervisor shall review the incident and complete a use of force review in accordance with P&P 5-307. 4. Supervisors shall ensure that all spent 40mm less-

lethal rounds are collected and property inventoried if possible." City Defendants deny any remaining allegations in paragraph 122 of the Complaint.

123.    City Defendants state that the allegations in paragraph 123 of the Complaint are too vague or ambiguous to allow for responsive pleading, particularly with respect to what policy differences are being alleged and the meaning of "constrained" and notification "when" 40mm rounds are fired, but to the extent a response is required, the allegations are denied.

124.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 124 of the Complaint in so far as they relate to whether Benjamin Bauer allegedly shot Plaintiff and they, therefore, deny the allegations. City Defendants deny any remaining allegations in paragraph 124 of the Complaint.

125.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 125 of the Complaint in so far as they relate to whether Benjamin Bauer allegedly shot Plaintiff and they, therefore, deny the allegations.  City Defendants deny any remaining allegations in paragraph 125 of the Complaint.

126.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 126 of the Complaint in so far as they relate to whether Benjamin Bauer allegedly shot Plaintiff and they, therefore, deny the allegations.  Upon information and belief, City Defendants deny any remaining allegations in paragraph 126 of the Complaint.

127.   City Defendants deny that Benjamin Bauer used deadly force when no force was authorized as alleged in paragraph 127 of the Complaint. The remaining allegations in paragraph 127 of the Complaint call for a legal conclusion to which no response is required, but to the extent a response is deemed required, the allegations are denied.

128.   City Defendants admit the allegations in paragraph 128 of the Complaint. City Defendants affirmatively allege that the letter or study does not purport to be detailing alleged injuries caused by any particular law enforcement agency, and does not identify the particular circumstances under which the alleged injuries were sustained.

129.   City Defendants deny the allegations in paragraph 129 of the Complaint.

130.   City Defendants admit that paragraph 130 of the Complaint partially quotes the open letter referenced in paragraph 128 of the Complaint.

131.   City Defendants deny the allegations in paragraph 131.

132.   City Defendants admit that paragraph 132 of the Complaint partially quotes, out of order, the open letter referenced in paragraph 128 of the Complaint.

133.   City Defendants admit that paragraph 133 of the Complaint partially quotes the open letter referenced in paragraph 128 of the Complaint.

134.   City Defendants admit that paragraph 134 of the Complaint partially quotes the open letter referenced in paragraph 128 of the Complaint.

135.   City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 135 of the Complaint and he, therefore, deny the allegations.

136.   City Defendants deny the allegations in paragraph 136 of the Complaint.

137.   City Defendants deny the allegations in paragraph 137 of the Complaint.

138.   City Defendants deny the allegations in paragraph 138 of the Complaint.

139.   City Defendants deny the allegations in paragraph 139 of the Complaint.

140.   City Defendants deny the allegations in paragraph 140 of the Complaint.

141.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 141 of the Complaint in so far as they relate to whether Benjamin Bauer shot Plaintiff and the timing of when Plaintiff was allegedly shot and, therefore, City Defendants deny the allegations.  City Defendants deny any remaining allegations in paragraph 141 of the Complaint.

142.   City Defendants deny the allegations in paragraph 142 of the Complaint.

143.   City Defendants deny the allegations in paragraph 143 of the Complaint.

144.   City Defendants deny the allegations in paragraph 144 of the Complaint.

145.   City Defendants deny the allegations in paragraph 145 of the Complaint.

146.   City Defendants states that the allegations in paragraph 146 of the Complaint with respect to the "central tenet" of the MPD's policies and procedures are too vague to allow for responsive pleading. To the extent a response is required, City Defendants deny the allegations in paragraph 146 of the Complaint.

147.   City Defendants deny the allegations in paragraph 147 of the Complaint.

148.   City Defendants deny the allegations in paragraph 148 of the Complaint.

149.   City Defendants admit that no one provided Benjamin Bauer with prior authorization to use the 40mm launcher or 40mm projectiles on May 31, 2020, and City Defendants affirmatively allege that Benjamin Bauer was not required to receive prior

authorization under the circumstances. City Defendants deny that Benjamin Bauer used deadly force.  City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 149 of the Complaint in so far as they relate to whether Benjamin Bauer allegedly shot Plaintiff, and they, therefore, deny the allegations.   City Defendants deny the remaining allegations in paragraph 149 of the Complaint.

150.   City Defendants admit the allegations in the first sentence of paragraph 150 of the Complaint.  City Defendants deny the remaining allegations in paragraph 150 of the Complaint.

151.   City Defendants deny the allegations in paragraph 151 of the Complaint.

152.   City Defendants deny the allegations in paragraph 152 of the Complaint.

153.    City Defendants admit that Section 5-306 of the MPD policy in place in May 2020, stated, in part, that a "CAPRS report entitled "FORCE" shall be completed as soon as practical, but no later than the end of that shift."  The remaining allegations in paragraph 153 of the Complaint are too vague to allow for responsive pleading. To the extent a response is required, City Defendants deny the remaining allegations in paragraph 153 of the Complaint.

154.   City Defendants admit the allegations in paragraph 154 of the Complaint.

155.   City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 155 of the Complaint in so far as they relate to whether Benjamin Bauer allegedly shot Plaintiff and they, therefore, deny the

allegations. City Defendants deny the remaining allegations in paragraph 155 of the Complaint.

156. City Defendants admit that Section 4-602(A) of the MPD policy in place in May 2020, stated, in part, that all police reports shall include a short public narrative statement describing the offense or incident. City Defendants deny the remaining allegations in paragraph 156 of the Complaint in so far as they relate to a simple synopsis of events relating to use of force.

157. City Defendants state that the allegations in paragraph 157 of the Complaint with respect to certain information being "readily available" are too vague to allow for responsive pleading. To the extent a response is required, City Defendants deny the allegations in paragraph 157 of the Complaint. City Defendants deny that the gathering of the information listed in paragraph 157 of the Complaint was possible in the situation that was facing the officers at the time of the events alleged in Plaintiff's Complaint.

158. City Defendants deny the allegations in paragraph 158 of the Complaint.

159. City Defendants deny the allegations in paragraph 159 of the Complaint.

160. City Defendants deny the allegations in paragraph 160 of the Complaint.

161. City Defendants deny the allegations in paragraph 161 of the Complaint.

162. City Defendants deny the allegations in paragraph 162 of the Complaint.

163. City Defendants deny the allegations in paragraph 163 of the Complaint.

164. City Defendants deny the allegations in paragraph 164 of the Complaint.

165. City Defendants deny the allegations in paragraph 165 of the Complaint.

166. City Defendants deny the allegations in paragraph 166 of the Complaint.

167.    City Defendants deny the allegations in paragraph 167 of the Complaint.

168.    City Defendants deny the allegations in paragraph 168 of the Complaint.

169.    City Defendants deny the allegations in paragraph 169 of the Complaint.

170.    City Defendants deny the allegation in paragraph 170 of the Complaint.

171.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 171 of the Complaint in so far as they relate to whether Benjamin Bauer allegedly shot Plaintiff and they, therefore, deny the allegations.    City Defendants deny the remaining allegations in paragraph 171 of the Complaint.

172.    City Defendants deny the allegations in paragraph 172 of the Complaint.

173.    City Defendants deny the allegations in paragraph 173 of the Complaint.

174.    City Defendants deny the allegations in paragraph 174 of the Complaint.

175.    City Defendants deny the allegations in paragraph 175 of the Complaint.

176.    City Defendants deny the allegations in paragraph 176 of the Complaint.

177.    City Defendants deny the allegations in paragraph 177 of the Complaint.

178.    City Defendants admit that Plaintiff's counsel asked for the identity of the John Doe officers that allegedly shot Plaintiff as alleged in paragraph 178 of the Complaint, but affirmatively allege that Plaintiff's counsel refused several requests from counsel for City Defendants to enter a permanent stipulation for a protective order that would permit the disclosure of the information which would otherwise not be public data under the Minnesota Government Data Practices Act.

179.   City Defendants admit that Plaintiff's counsel sent letters seeking information protected by the Minnesota Government Data Practices Act, and affirmatively allege that Plaintiff's counsel refused several requests from counsel for City Defendants to enter a permanent stipulation for a protective order that would permit the disclosure of the information. City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 179 of the Complaint relating to the Minnesota Bureau of Criminal Apprehension and they, therefore, deny the allegations.

180.   City Defendants admit that Plaintiff's counsel made calls and sent emails to counsel for City Defendants as alleged in paragraph 180 of the Complaint. City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 121 of the Complaint relating to County officials and they, therefore, deny the allegations.

181.   City Defendants admit the allegations in paragraph 181 of the Complaint, except to qualify that the counsel for the City Defendants informed Plaintiff's counsel that he could make a data request, it did not "instruct" him to do so.

182.   City Defendants admit the allegations in paragraph 182 of the Complaint.

183.   City Defendants admit the allegations in paragraph 183 of the Complaint.

184.   Upon information and belief, City Defendants deny the allegations in paragraph 184 of the Complaint.

185.   City Defendants deny the allegations in paragraph 185 of the Complaint.

186.   City Defendants deny the allegations in paragraph 186 of the Complaint.

187.   City Defendants deny the allegations in paragraph 187 of the Complaint.

188.    City Defendants deny the allegations in paragraph 188 of the Complaint.

189.    City Defendants admit that Section 5-101.01 of the MPD policy in place in

May 2020, stated:

> The integrity of police service is based on truthfulness. Officers shall not willfully or knowingly make an untruthful statement, verbally or written, or knowingly omit pertinent information pertaining to his/her official duty as a Minneapolis Police Officer.
>
> MPD employees shall not willfully or knowingly make an untruthful statement or knowingly omit pertinent information in the presence of any supervisor, intended for the information of any supervisor, or before any court or hearing. Officers shall not make any false statements to justify a criminal or traffic charge or seek to unlawfully influence the outcome of any investigation. (12/14/07)
>
> These requirements apply to any report, whether verbal or written, concerning official MPD business including, but not limited to, written reports, transmissions to MECC and officers via radio, telephone, pager, e-mail or MDC.
>
> MPD employees are obligated under this policy to respond fully and truthfully to questions about any action taken that relates to the employee's employment or position regardless of whether such information is requested during a formal investigation or during the daily course of business. (12/14/07)

City Defendants deny any remaining allegations in paragraph 189 of the Complaint.

190.    City Defendants deny the allegations in paragraph 190 of the Complaint.

191.    City Defendants lack knowledge and information sufficient to form a belief

about the truth of the allegations in paragraph 191 of the Complaint and they, therefore,

deny the allegations.

192.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 192 of the Complaint and they, therefore, deny the allegations.

193.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 193 of the Complaint and they, therefore, deny the allegations.

194.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 194 of the Complaint and they, therefore, deny the allegations.

195.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 195 of the Complaint and they, therefore, deny the allegations.

196.    Upon information and belief, City Defendants admit that Plaintiff experienced injuries to his face, sinuses, and left eye. City Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 196 of the Complaint and they, therefore, deny the allegations.

197.    Upon information and belief, City Defendants admit that Plaintiff underwent surgery on or around May 31, 2020, relating to his left eye. City Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 197 of the Complaint and they, therefore, deny the allegations.

198.    Upon information and belief, City Defendants admit that Plaintiff underwent surgery for enucleation of this left eye and implantation of a prosthetic eye. City

Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 198 of the Complaint and they, therefore, deny the allegations.

199.   City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 199 of the Complaint and they, therefore, deny the allegations.

200.   City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 200 of the Complaint and they, therefore, deny the allegations.

201.   City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 201 of the Complaint and they, therefore, deny the allegations.

202.   City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 202 of the Complaint and they, therefore, deny the allegations.

203.   City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 203 of the Complaint and they, therefore, deny the allegations.

204.   City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 204 of the Complaint and they, therefore, deny the allegations.

205.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 205 of the Complaint and they, therefore, deny the allegations.

206.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 206 of the Complaint and they, therefore, deny the allegations.

207.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 207 of the Complaint and they, therefore, deny the allegations.

208.    Upon information and belief, admit the allegations in paragraph 143 of the Complaint, but deny the validity of the diagnosis.

209.    Upon information and belief, City Defendants deny the allegations in first sentence of paragraph 209. City Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 209 of the Complaint and they, therefore, deny the allegations.

210.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 210 of the Complaint and they, therefore, deny the allegations.

211.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 211 of the Complaint and they, therefore, deny the allegations.

212.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 212 of the Complaint and they, therefore, deny the allegations.

213.    Upon information and belief, City Defendants admit that paragraph 213 of the Complaint quotes progress notes for Plaintiff.  City Defendants lack knowledge and information sufficient to form a belief about the truth of any remaining allegations in paragraph 213 of the Complaint and they, therefore, deny the allegations.

214.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 214 of the Complaint and they, therefore, deny the allegations.

215.    The term "down an eye" as used in paragraph 215 of the Complaint is too vague to allow for responsive pleading and City Defendants, therefore, deny the allegation. Upon information and belief, City Defendants admit that Plaintiff experienced an enucleation of the left globe.

216.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 216 of the Complaint and they, therefore, deny the allegations.

217.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 217 of the Complaint and they, therefore, deny the allegations.

218.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 218 of the Complaint and they, therefore, deny the allegations.

219.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 219 of the Complaint and they, therefore, deny the allegations.

220.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 220 of the Complaint and they, therefore, deny the allegations.

221.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 221 of the Complaint and they, therefore, deny the allegations.

222.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 222 of the Complaint and they, therefore, deny the allegations.

223.    City Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 223 of the Complaint and they, therefore, deny the allegations.

224.    Paragraph 224 of the Complaint is not susceptible to responsive pleading. City Defendants reallege and reincorporate their responses to the preceding paragraphs of the Complaint.

225.    City Defendants deny the allegations in paragraph 225 of the Complaint.

226.    City Defendants deny the allegations in paragraph 226 of the Complaint.

227.    City Defendants deny the allegations in paragraph 227 of the Complaint.

228.    The allegations in Paragraph 228 of the Complaint call for a legal conclusion to which no response is required, but to the extent a response is deemed required, the allegations are denied.

229.    The allegations in Paragraph 229 of the Complaint call for a legal conclusion to which no response is required, but to the extent a response is deemed required, the allegations are denied.

230.    Paragraph 230 of the Complaint is not susceptible to responsive pleading. City Defendants reallege and reincorporate their responses to the preceding paragraphs of the Complaint.

231.    City Defendants admit that the incident alleged by Plaintiff occurred before curfew.  City Defendants deny the remaining allegations in paragraph 231 of the Complaint.

232.    City Defendants deny the allegation in paragraph 232 of the Complaint.

233.    City Defendants deny the allegations in paragraph 233 of the Complaint.

234.    City Defendants deny the allegations in paragraph 234 of the Complaint.

235.    City Defendants deny the allegations in paragraph 235 of the Complaint.

236.    City Defendants deny the allegations in paragraph 236 of the Complaint.

237.    The allegations in paragraph 237 of the Complaint are a legal conclusion to which no responsive pleading is required.  To the extent a response is deemed to be required, City Defendants deny the allegation in paragraph 237 of the Complaint.

238.    The allegations in paragraph 238 of the Complaint are a legal conclusion to which no responsive pleading is required.  To the extent a response is deemed to be required, City Defendants deny the allegation in paragraph 238 of the Complaint.

239.    Paragraph 239 of the Complaint is not susceptible to responsive pleading. City Defendants reallege and reincorporate their responses to the preceding paragraphs of the Complaint.

240.    City Defendants admit that Matthew Severance and Ryan McCann were members of the MPD on May 31, 2020.  City Defendants deny that Matthew Severance had supervisory responsibilities over Benjamin Bauer as alleged in paragraph 240 of the Complaint.  City Defendants admit that Ryan McCann had supervisory responsibilities over Benjamin Bauer on May 31, 2020, but affirmatively allege that Ryan McCann's supervisory responsibilities did not involve ordering, approving or authorizing Benjamin Bauer's use of 40mm projectiles, including blunt impact projectiles, on May 31, 2020.

241.    City Defendants deny the allegation in paragraph 241 of the Complaint.

242.    City Defendants deny the allegations in paragraph 242 of the Complaint.

243.    City Defendants deny the allegation in paragraph 243 of the Complaint.

244.    City Defendants deny the allegation in paragraph 244 of the Complaint.

245.    City Defendants deny the allegation in paragraph 245 of the Complaint.

246.    The allegations in paragraph 246 of the Complaint are a legal conclusion to which no responsive pleading is required.  To the extent a response is deemed to be required, City Defendants deny the allegation in paragraph 246 of the Complaint.

247.    The allegations in paragraph 247 of the Complaint are a legal conclusion to which no responsive pleading is required.   To the extent a response is deemed to be required, City Defendants deny the allegation in paragraph 247 of the Complaint.

248.    Paragraph 248 of the Complaint is not susceptible to responsive pleading. City Defendants reallege and reincorporate their responses to the preceding paragraphs of the Complaint.

249.    City Defendants deny the allegations in paragraph 249 of the Complaint.

250.    City Defendants deny the allegations in paragraph 250 of the Complaint.

251.    The allegations in paragraph 251 of the Complaint are a legal conclusion to which no responsive pleading is required.   To the extent a response is deemed to be required, City Defendants deny the allegation in paragraph 251 of the Complaint.

252.    The allegations in paragraph 252 of the Complaint are a legal conclusion to which no responsive pleading is required.   To the extent a response is deemed to be required, City Defendants deny the allegation in paragraph 252 of the Complaint.

## PRAYER FOR RELIEF

The prayer for relief is not susceptible to responsive pleading.  To the extent that the prayer for relief can be construed to contain allegations against City Defendants, the allegations are denied.  City Defendants expressly deny that Plaintiff is entitled to any relief as against the City Defendants.

## JURY DEMAND

City Defendants acknowledges that the Plaintiff has requested a jury trial.  City Defendants also demands a jury trial.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The actions and use of force by MPD officers near Interstate Highway 35W on May 31, 2020, were objectively reasonable, commanded or authorized by law, and the MPD officers, including Benjamin Bauer, are immune from liability under the doctrines of qualified immunity, official immunity or other legal immunity.

3.      City Defendants' actions or the actions of MPD officers at the relevant time were justified by the actions of others over whom the City Defendants had no control.

4.      City Defendants' actions or the actions of MPD officers at the relevant time were justified by the doctrines of self-defense or the defense of others.

5.      Plaintiff had knowledge, or in the exercise of reasonable care should have had knowledge, of each of the risks about which Plaintiff complains; further Plaintiff voluntarily assumed any risk inhered in the situation that gave rise to the Complaint.

6.      Plaintiff's injuries or damages, if any, were caused, contributed to or brought about by the intentional, negligent, unlawful, or unreasonable acts or conduct of others.

7.      Plaintiff has failed to mitigate the alleged damages, if any.

8.      Plaintiff's First Amendment rights are subject to reasonable time, manner and place restrictions.

9.      Defendant City of Minneapolis alleges that it is a municipality and therefore is immune from liability for punitive damages.

10.    Defendant City of Minneapolis is a municipality and therefore is immune from liability for claims pursuant to 42 U.S.C. § 1983 that are based upon the concept of respondeat superior.

11.    Defendant City of Minneapolis, through its policy-making officials, has no historical policy of deliberate indifference to excessive force or First Amendment retaliation by MPD officers and all of the City Defendants' training and policies fulfill or exceed constitutional requirements.

12.    City Defendants reserve the right to assert any additional affirmative defenses that are discovered through discovery or the investigation of the Plaintiff's claims including affirmative defenses recognized by the Federal Rules of Civil Procedure. Pending further discovery, City Defendants allege and incorporate all such affirmative defenses set forth in Fed. R. Civ. P. 12 (b).

**WHEREFORE**, City Defendants prays for an Order of this Court as follows:

1.    Dismissing Plaintiff's Complaint on the merits and with prejudice in its entirety;

2.    Awarding City Defendants all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3.    For such other and further relief as this Court deems appropriate.

Dated: July 30, 2021

JAMES R. ROWADER, JR.
City Attorney
By */s Kristin Sarff*
KRISTIN R. SARFF (0388003)
SHARDA ENSLIN (0389370)
HEATHER P. ROBERTSON (0390470)
Assistant City Attorneys
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-3919
(612) 673-2180
(612) 673-3949
kristin.sarff@minneapolismn.gov
sharda.enslin@minneapolismn.gov
heather.robertson@minneapolismn.gov

*Attorneys for Defendants*
*City of Minneapolis and Medaria*
*Arradondo*