UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Soren Stevenson, | Case No. 20-CV-2007 (SRN/TNL) |
| Plaintiff, | |
| v. | |
| Benjamin M. Bauer et al., | **DECLARATION OF ERIC HAGEMAN** |
| Defendants. | |

I, Eric Hageman, hereby depose and state as follows:

1. I am an attorney with the law firm of Pritzker Hageman, P.A.

2. I graduated from Dartmouth College in 1990 and graduated, *cum laude,* from the University of Minnesota Law School in 1995.

3. I work in the area of plaintiff's personal injury, with a primary focus on products liability and fire and explosion cases. I also continue to work in the civil rights area, which was my primary focus from 1995 to 2008. I have drafted many petitions for attorneys' fees as part of the work I have done on civil rights cases and have argued 42 U.S.C. § 1988 issues on several occasions before the United States District Court for the District of Minnesota and also before the United States Court of Appeals for the Eighth Circuit. I have been awarded § 1988 attorneys' fees by courts numerous times.

4. I do not know any of the parties in this case and have no prior

1

relationship with any of them.  I have no personal interest or financial stake in the outcome of this case.

5. I am very familiar with the hourly billing rates for lawyers in this community.  I have experience reviewing legal invoices and have regularly negotiated fee agreements and invoiced clients over the last twenty-seven years. These rates vary depending upon a number of factors, including the experience of the attorney, the novelty of the issues, the complexity of the litigation, the expertise and skills of the particular attorneys, and other considerations that are generally encapsulated in federal and state case law.

6. I am personally familiar with Robert Bennett and the type of work he does, as I worked with Robert Bennett for nearly fourteen years.  I am also personally familiar with the services and quality of work provided by Robert Bennett and the team of experienced civil rights attorneys that he supervises at Robins Kaplan LLP ("RK").

7. I have reviewed the invoices of RK in this matter, along with other documents, including the Affidavit of Robert Bennett and the biographies of the attorneys who worked on this case.

8. Based upon my review of these documents, discussions with Robert Bennett, and my experience practicing law in this community, I feel I am qualified to render an opinion both as to the reasonableness of the hourly rates charged by

2

the RK attorneys, paralegals and support staff, as well as the reasonableness of the amount of time actually spent litigating this case to a successful resolution.

9. I have reviewed the fee petition submitted by counsel for Plaintiff in this case. It is my opinion, to a reasonable degree of professional certainty, that the rates charged and the amount of work performed are reasonable and well within the range of fees for such work for similarly situated attorneys, particularly due to the discovery issues heightened by the report-writing issues of the Minneapolis Police Department during the post-George Floyd murder operational period (see, Hillard Heintze After-Action Report – Exhibit 4 to the Affidavit of Robert Bennett). In reaching this conclusion, I have taken into consideration several factors, including how the case was staffed, the number and experience of the lawyers involved, what each of the lawyers did at their particular level of experience, whether any of the work done was duplicative, and the reasonableness of the costs incurred. Further, the hourly rates charged by the remaining non-lawyers who performed work on this case are consistent with those charged for similar work in the community.

10. The billing rates invoiced by RK, as outlined in Robert Bennett's Affidavit in Support of Plaintiff's Motion for Award of Costs, Including Reasonable Attorneys' Fees, Under 42 U.S.C. § 1988 and further detailed in the invoices in this case, are entirely reasonable for attorneys of similar stature and

skill in the community, and are possibly below market rate.  The hourly attorney rates stated in the invoices are as follows:

- Robert Bennett (Partner at RK)            $885/hour
- Andrew Noel (Partner at RK)               $730/hour
- Kathryn Bennett (Partner at RK)           $685/hour
- Esther Mignanelli (Associate at RK)       $580/hour
- Marc Betinsky (Counsel at RK)             $530/hour
- Greta Wiessner (Associate at RK)          $485/hour
- Angela Koob (paralegal at RK)             $230/hour.
- Paul McCaffery (Trial & Multimedia Consultant / Trial Support and Multimedia Manger at RK)            $295/hour.
- Ricardo Ehramjian (Trial & Multimedia Consultant / Senior AV and Trial Support Engineer at RK), Christopher Sullivan (Trial & Multimedia Consultant / Senior Trial Graphics Designer at RK), and Travis Wilhelmi (Trial & Multimedia Consultant / Senior Trial Consultant and Multimedia Engineer)            $280/hour.
- Brian Cade and Nicholas Adler (Investigators at RK)            $220/hour.

11.    My opinion as to the hourly rates charged does not take into account the fact that RK accepted representation in this matter on a contingent fee basis, agreed to bear the responsibility for all costs pending the outcome of the case, and agreed RK would not be paid any fees or reimbursed for expended costs unless they were successful in the litigation.  My opinion is that the hourly rates charged would have been reasonable even if they were charged on a straight hourly basis, not taking into account the risk the firm took on in pursuing this case without the assurance of payment unless it was successful in recovering money for the plaintiff.

4

12. It is also my opinion that meritorious civil rights cases might not be brought unless the attorneys representing the plaintiffs were assured they would be paid for successfully prosecuting those difficult and time-consuming cases. Sizable fee awards are entirely appropriate to encourage and reward counsel for taking on these challenging cases, and helping to effectuate rights that Congress deems important for the public interest. Without the prospect of a robust fee award, individuals whose rights have been violated may be hard-pressed to obtain competent legal counsel, like RK; significant federal rights would not be vindicated; and violations of law neither sanctioned nor deterred. Thus, a sizable fee award is not a windfall, but a means of assuring vindication of federal statutory rights and redress for violations of them.

13. It is also my opinion that the costs charged were reasonable, necessary and appropriate. Further, they are the type of costs normally charged to clients in the legal industry across the practice areas that I have encountered during my time in the profession.

14. It is also my opinion that it is not atypical to see up to a 45% contingent fee included in Retainer Agreements for a difficult and specialized area of law, such as civil rights.

15. In sum, it is my opinion, to a reasonable degree of professional certainty, that the attorneys' fees of $1,481,258.00 by RK and $31,934.60 in costs

advanced by RK in this case are eminently reasonable and proportionate in light of relevant considerations in determining fee awards in litigation of this type. The requested fees and cost reimbursements are, in my opinion, reasonable and consistent with Rule 1.5 of the Rules of Professional Conduct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___ day of _____, 2022.

_____

Eric Hageman

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of March, 2022.

_____
Eric Hageman

*[Signature]*

JEANNEMARIE AURA MALUSH
Notary Public-Minnesota
My Commission Expires Jan 31, 2024