UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Soren Stevenson, | Case No. 20-cv-2007 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Benjamin M. Bauer, acting in his individual capacity as a Minneapolis Police Officer, et al., | |
| Defendants. | |

Andrew J. Noel, Esther Soria Mignanelli, Kathryn H. Bennett, Marc Betinsky, and Robert Bennett, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402 (for Plaintiff); and

Heather Passe Robertson, Kristin R. Sarff, and Sharda R. Enslin, Assistant City Attorneys, Minneapolis City Attorney's Office, 350 South Fifth Street, Room 210, Minneapolis, MN 55415 (for Defendants).

This matter comes before the Court on the parties' Joint Motion Regarding Continued Sealing ("Joint Motion"), ECF No. 100. The parties dispute whether two pages of the Declaration of Robert Bennett in Support of Plaintiff's Motion for Award of Costs, Including Reasonable Attorneys' Fees, Under 42 U.S.C. § 1988 ("Bennett Declaration") should remain sealed.

Consistent with Local Rule 5.6, the Bennett Declaration, ECF No. 85, was filed under temporary seal. D. Minn. LR 5.6(d)(1). Also consistent with Local Rule 5.6, a redacted public version of the Bennett Declaration, ECF No. 87, was filed contemporaneously with the temporarily sealed version. D. Minn. LR 5.6(d)(1)(A)(i).

The two pages in dispute, pages 26 and 33, include still frames from body-worn camera footage taken by law enforcement, including Defendant Benjamin M. Bauer, during the events in question. ECF No. 87 at 26, 33. Plaintiff maintains that these images "are public information." ECF No. 100 at 3. Defendants maintain that they are protected under the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq. See generally* ECF No. 100 at 4-5.

The issue of whether body-worn camera footage depicting the events in question was properly designated as confidential was the subject of prior motion practice in this case. *See, e.g.*, ECF Nos. 64 at 10-11, 14-18; 69 at 10-12, 16-21; *see generally* ECF No. 61. In fact, in the Joint Motion, both parties refer back to their prior memoranda. ECF No. 100 at 3, 4. This issue was pending before the Court at the time Plaintiff filed notice of acceptance of an offer of judgment under Federal Rule of Civil Procedure 68. *See generally* ECF No. 79. Following Plaintiff's acceptance of the Rule 68 offer of judgment and entry of judgment, the Court denied as moot the motion concerning the designation of the body-worn camera footage, among other things. ECF No. 95; *see* ECF No. 79-1 at 4 ("Acceptance of this offer of judgment against Defendants Benjamin Bauer, Matthew Severance, and Ryan McCann will be full satisfaction of all federal and state law claims or rights that Plaintiff may have to damages, or any other form of relief, and extinguish any claim or claims by Plaintiff against all named Defendants, including the City of Minneapolis and Medaria Arradondo, and their agents and employees that were brought or could have been brought in Plaintiff's Complaint, Amended Complaint, or Second Amended Complaint.").

Consistent with the Court's prior conclusion that the parties' dispute over whether these images were properly designated as confidential was mooted upon Plaintiff's acceptance of the Rule 68 offer of judgment to resolve this case, **IT IS HEREBY ORDERED** that the Joint Motion, ECF No. 100, is **GRANTED IN PART** and **DENIED IN PART**. Permanent Sealing is **GRANTED** for the temporarily sealed version of the Bennett Declaration, ECF No. 85. This Order on continued sealing becomes final on **September 26, 2022** unless further timely submissions are filed.

Dated: August 29, 2022

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Stevenson v. Bauer et al.*
Case No. 20-cv-2007 (SRN/TNL)